(78 N. W. Rep. 347.)

---

Barbara Knox *vs.* John R. Barker.

Opinion filed December 28, 1898.

**Will of Personal Property Construed by Laws of Testator's Domicile.**

The provisions of a will relating to personal property situate in this state must be construed according to the law of the domicile of the testator at the time of his death.

**Rule in Shelley's Case.**

A citizen of Pennsylvania, by his will, which was duly probated in that state, declared: Item 6th. Another mortgage which I hold

against John R. Barker and Maria J. Barker, of one thousand three hundred and forty-five ($1,345.00) dollars, dated March 1st. 1887, covering certain lands in Grand Forks county, I give, devise, and bequeath the use and interest thereof to my daughters Orcelia Crandell and Barbara Knox, for and during the terms of their natural lives; and at their deaths I give and bequeath the said mortgage to the heirs of my said daughters Orcelia Crandell and Barbara Knox, share and share alike." *Held* that, under the laws of Pennsylvania, Orcelia Crandell and Barbara Knox, after the decease of the testator, became the absolute owners of said mortgage.

Appeal from District Court, Grand Forks County; *Fisk,* J.

Action by Barbara Knox against John R. Barker. Judgment for plaintiff. Defendant appeals.

Affirmed.

*Bosard & Bosard,* for appellant.

*Burke Corbett* (*Cochrane & Corliss* of counsel), for respondent.

BARTHOLOMEW, C. J. Action to foreclose a mortgage on real property. Plaintiff claims to be the owner of the mortgage by virtue of the terms of her father's will. Defendant denies plaintiff's ownership. There was a decree for plaintiff, and defendant appeals.

The interest of a mortgagee of real estate situated in this state is personal property. Rev. Codes, § § 4699, 4700. The original mortgagee, through whom plaintiff claims, was a resident of Pennsylvania. He died in that state, and his will was duly admitted to probate therein; and, so far as it relates to his interests as mortgagee in real estate in this state, his will must be construed under the laws of the State of Pennsylvania. Portions of this will were before us for construction in the case of *Crandell* v. *Barker,* 8 N. D. 272, 78 N. W. Rep. 347. Nearly every principle involved in this case was decided in that, although this is the converse of that. The provision of the will here involved is as follows: "Item 6th. Another mortgage which I hold against John R. Barker and Maria J. Barker, of one thousand three hundred and forty-five ($1,345.00) dollars, dated March 1st, 1887, covering certain lands in Grand Forks county, I give, devise, and bequeath the use and interest thereof to my daughters Orcelia Crandell and Barbara Knox, for and during the terms of their natural lives; and at their deaths I give and bequeath the said mortgage to the heirs of my said daughters Orcelia Crandell and Barbara Knox, share and share alike." It is alleged and admitted that the defendant has paid Orcelia Crandell the one half of the amount of said mortgage, and has paid to plaintiff the interest upon the other half to March 1, 1896, leaving the plaintiff the sole party beneficially interested in said mortgage. It is defendant's contention that she has no absolute title to the mortgage, and can only claim the interest thereon during her life. It will be noticed that the bequest in this case is to Barbara Knox and Orcelia Crandell for their lives, with remainder to their heirs, share and share

alike. There is no bequest over in this case, nor does the testator use the word "children" or "issue," but the technical word "heirs." Under the authorities cited in *Crandell* v. *Barker*, supra, there is no doubt but that this language, had the property been real estate, would have conveyed to Barbara Knox and Orcelia Crandell, under the laws of Pennsylvania, where the rule in Shelley's Case is in full force, an estate in fee. The authorities cited also show that the rule in Shelley's Case applies equally by analogy, to conveyances of personal property. And see, further, 22 Am. & Eng. Enc. Law, 512, and note. Indeed, it goes further, for words that would only create an entail in realty will create an absolute property or estate in personalty. Smith's Appeal, 23 Pa. St. 9; Mengel's Appeal, 61 Pa. St. 248. The judgment and decree of the District Court are made the judgment and decree of this Court, and are in all things affirmed. All concur.